In the Matter of the Application of the CITY OF MOUNT VERNON,
etc., and EDWIN W. FISKE, Individually and as Mayor of Said
City, for a Peremptory Order of Prohibition Directed to the
PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK and
Others, Defendants.

Supreme Court, Albany Special Term, September, 1922 (Received November, 1922).

Public service commission — when order of prohibition will issue restrain-
ing it from assessing against a city a share of the expense of removing
railroad abutments from a public street.

The remedy of an order of prohibition is not limited to cases where the tribunal
has no jurisdiction of the subject-matter involved, but applies also to a threatened
exercise of jurisdiction to make a determination or decision which the tribunal
has not acquired or cannot acquire jurisdiction to make although it has general
jurisdiction of the subject-matter of the proceeding.

An action brought by the city of Mount Vernon to compel the removal from
within the lines of a city street of the abutments of a railroad company and to
restore the street to the condition it was in before the abutments had been
constructed, terminated by a decision of the Court of Appeals in January, 1922,
whereby a judgment of the Supreme Court sitting at Special Term, declaring
that said abutments constituted a continuing trespass and nuisance, and decreeing
that the railroad company within sixty days after service of the judgment should
remove said abutments so as to leave a clear space of three rods wide between
the respective faces of the highway, was affirmed. Pursuant to an order of
the Court of Appeals denying a motion for a reargument and to amend the
remittitur but without prejudice to the right of the railroad company to apply
at Special Term for an extension of time to enable it to comply with the judg-
ment, an order was entered on June 27, 1922, directing the removal of said
abutments within six months, and within three days after the entry of said order
the railroad company made application to the public service commission for
an order, under section 91 of the Railroad Law, providing for a change in the
company's existing structure at the street in question. The petition for said
order alleged that public safety required a change in said structure by which
the crossing of the railroad over the street is made. The city appeared at the
hearing by counsel, and raised an objection to the jurisdiction of the public
service commission, for the purpose of assessing any expense upon the city
for the removal of the abutments. This objection was overruled and the
question of the liability of the city for its proportion of such expense was
deferred under a ruling of the commission until the accounting to be determined
at the close of the evidence. *Held*, that upon the facts the public service com-
mission had not jurisdiction to impose or assess upon the city twenty-five per
cent of the cost of the removal of the structures in question from within the
lines of said street.

An order of prohibition commanding the public service commission and the
railroad company to desist and refrain from taking any proceeding in the matter
before the commission, to the extent of imposing or seeking to impose expense
upon the city for the removal of the abutments in accordance with the judgment
in the action between the city and the railroad company, granted, with costs
of the motion.

APPLICATION for order of prohibition.

*Clinton T. Taylor*, for petitioner.

*William L. Barnett*, for defendant New York, New Haven and Hartford Railroad Company.

*Ledyard P. Hale*, for defendant Public Service Commission.

STALEY, J.   The city of Mount Vernon makes application herein for an order of prohibition directed to the public service commission of the state of New York and the New York, New Haven and Hartford Railroad Company, commanding each of them to desist and refrain from taking any proceeding, " In the matter of the petition of the New York, New Haven and Hartford Railroad Company under section 91 of the Railroad Law, for an order determining that a change shall be made in the existing bridge carrying its railroad over Columbus avenue in the city of Mount Vernon," by which any expense is imposed or is sought to be imposed upon said city for the removal of the abutments erected by said railroad company within the lines of the public highway known as Columbus avenue, in said city.

In May, 1909, the city of Mount Vernon commenced an action in the Supreme Court against said railroad company for a judgment directing the removal by said company of its abutments extending into Columbus avenue, a public street of said city, from within the lines of said street, and to restore the said street to the condition it would be in if said abutments had not been constructed therein.

This action terminated by a decision of the Court of Appeals (*City of Mount Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 232 N. Y. 309), rendered in January, 1922, whereby a judgment of the Special Term of the Supreme Court declaring that the abutments referred to constituted a continuing trespass and nuisance, and decreeing that the defendant railroad company remove the same within sixty days after service of the judgment, so that said abutments shall be entirely removed from the lines of said highway, so as to leave a clear space between the respective faces thereof of three rods in width, was affirmed.

A motion for reargument and to amend the remittitur subsequently made by said railroad company was also denied by the Court of Appeals in June, 1922 (233 N. Y. 685), without prejudice, however, to the right of said company to apply at the Special Term for an extension of the time provided in the judgment as entered to enable it to comply with the provisions of the same.

Pursuant to this latter decision by the Court of Appeals, an order

was entered by the Supreme Court of Westchester county on June 27, 1922, directing the railroad company to remove the abutments referred to within six months.

On or about June 30, 1922, the railroad company applied to the public service commission for an order under section 91 of the Railroad Law, providing for a change in its existing structure at said Columbus avenue, the petition for which order is based upon the allegation that public safety requires a change in the existing structure, by which the crossing of said railroad over Columbus avenue is made. At the hearing before the commission the city appeared by counsel and objected to the jurisdiction of the commission, for the purpose of assessing any expense upon said city for the removal of said abutments from within the lines of Columbus avenue. The purpose of the railroad company to attempt to charge a part of this cost upon the said city of Mount Vernon was directly revealed by the statement of its attorney, who stated, in response to the direct inquiry as to whether the joining of the city in the proceeding was for the purpose of having it pay part of the cost of the work, " if the commission finds that it has jurisdiction under section 91 of the Railroad Law of this petition and the railroad company is properly before the commission, then we shall certainly expect to get the benefit given us by the Railroad Law."

Subdivision 3, section 94 of the Railroad Law, provides that " Whenever a change is made as to an existing crossing or structure in accordance with the provisions of section ninety-one of this chapter, fifty per centum of the expense thereof shall be borne by the railroad corporation, twenty-five per centum by the municipal corporation, and twenty-five per centum by the state."

The objection by counsel of the city to the jurisdiction of the commission was overruled, and the question of the liability of the city for its proportion of the expense deferred, by ruling of the commission, until the accounting to be determined at the close of the proceeding.

The public service commission appears herein by its counsel and submits without argument the question of its jurisdiction and its duty herein to the decision of the court.

The power of the commission under the statute (Railroad Law, § 91) to determine what alterations or changes shall be made in existing structures, and to charge a part of the expense therefor upon the state or any municipality, is predicated upon the structure being a lawful one and is intended to be exercised in good faith with regard to the requirements of public safety. Obviously the power does not exist, nor can it be lawfully exercised, by which the commission may decree that the expense, or part of it, for the

removal of the structure in question, held by the decision of the Court of Appeals and the judgment of this court to be an illegal one, so far as it is located within the lines of Columbus avenue, and directing its removal at the expense of the railroad company, be paid from the public treasury. Such a course if permitted would nullify the judgment of the courts and convert judicial determination into mere paper.

The respondent railroad company urges that an order of prohibition should not be allowed merely to protect against an anticipated error when such error may not occur, and if committed the aggrieved party will be fully protected by its right to appeal and review, and the commission having jurisdiction of the subject-matter ought not to be deprived of it to guard against possible error in its exercise.

The commission had its opportunity upon the objection of the counsel of the city to indicate its freedom from possible error and by its ruling eliminate from further consideration of the case the question of the distribution of any portion of the expense upon the city of Mount Vernon for the removal of the structure from within the lines of Columbus avenue. It has chosen to defer its determination in that regard and to proceed with the inquiry regarding the proposed changes and alterations in the structure, which are stated to be identical with the mandatory requirements of the judgment of the court directing its removal at the sole expense of the railroad company.

The remedy of an order of prohibition is not limited to cases where the tribunal has no jurisdiction of the subject-matter involved. It applies also to cases of an excess of jurisdiction, to a threatened exercise of jurisdiction to make a determination or decision which the tribunal has not acquired or cannot acquire jurisdiction to make, although it has general jurisdiction of the subject-matter of the proceeding.

The question which may properly be considered here upon this application is whether or not the public service commission has jurisdiction to impose or assess upon the city of Mount Vernon twenty-five per centum of the cost for the removal of the structure in question from within the lines of Columbus avenue. Under the facts in this case it does not possess such jurisdiction. Therefore, the application for an order of prohibition is granted commanding the public service commission and the New York, New Haven and Hartford Railroad Company to desist and refrain from taking any proceeding in the above-entitled matter before the public service commission to the extent of imposing or seeking to impose expense upon the city of Mount Vernon for the removal of the abutments from

within the lines of Columbus avenue, in accordance with the judgment in the litigation referred to between the city and railroad company, together with costs of this motion.

Ordered accordingly.